FILED

Olga Lilia Toscano #28680-112
Federal Correctional Institution
5701 8th Street Camp Parks
Dublin, CA 94568

2012 JAN 17 PM 4: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - Southern Division

OLGA LILIA TOSCANO,

        Defendant-Petitioner,

  vs

UNITED STATES OF AMERICA,

        Plaintiff-Respondent.

CASE NO. _SA CV12 - 00078 AHS_

USDC NO. 8:04-cr-00281-AHS-3

MOTION UNDER 28 USC § 2255 TO
VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN
FEDERAL CUSTODY.

---

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, WITH ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES.

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**

**SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | Central District of California | |
|---|---|---|
| Name (under which you were convicted):<br>Olga Lilia Toscano | | Docket or Case No.: |
| Place of Confinement:  FCI Dublin<br>5701 8th Street, Camp Parks;Dublin, CA 94568 | Prisoner No.:<br>28680-112 | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v.        OLGA LILIA TOSCANO | | |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____

   U.S. District Court for the Central District of California-Southern Division

   411 West Fourth Street

   Santa Ana, CA 92701

   (b) Criminal docket or case number (if you know): 8:04-cr-00281-AHS-3

2. (a) Date of the judgment of conviction (if you know): November 25, 2008

   (b) Date of sentencing: November 21, 2008

3. Length of sentence:      78 Months

4. Nature of crime (all counts): 18 U.S.C. §§ 371, 1341 and 2; Conspiracy, Mail Fraud
   and Aiding and Abetting and Causing an Act to be Done

5. (a) What was your plea? (Check one)

   (1) Not guilty ■        (2) Guilty ☐        (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
   or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ■        Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ■   No

8.  Did you appeal from the judgment of conviction?   Yes ■   No ☐

9.  If you did appeal, answer the following:

   (a) Name of court: _Ninth Circuit Court of Appeals_ _____

   (b) Docket or case number (if you know): _08-50530_ _____

   (c) Result: _Dismissed on Appellant's Motion_ _____

   (d) Date of result (if you know): _____

   (e) Citation to the case (if you know): _____

   (f) Grounds raised: _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ■

      If "Yes," answer the following:

      (1) Docket or case number (if you know): _____

      (2) Result: _____

      _____

      (3) Date of result (if you know): _____

      (4) Citation to the case (if you know): _____

      (5) Grounds raised: _____

      _____

      _____

      _____

      _____

      _____

      _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

   Yes ☐   No ■

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

(4) Nature of the proceeding: __N/A_____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ❏  No ❏

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ❏  No ❏

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1)  First petition:       Yes ❏   No ❏

(2)  Second petition:    Yes ❏   No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: <u>Sixth Amendment Violation-Ineffective Assistance of Counsel</u>

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____ SEE ATTACHED MEMORANDUM IN SUPPORT _____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One: N/A

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: A § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel. See, ***Massaro v. United States,*** 123 S. Ct. 1690, 1692-94 (2003)

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ■

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:** _Fifth Amendment Due Process Violation-Prosecutorial_

_Misconduct; Promise of Rule 35 Motion in Exchange for Withdrawing Appeal_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

## SEE ATTACHED MEMORANDUM IN SUPPORT

_____

_____

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Two:   N/A**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ■

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** N/A _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

_____

**GROUND FOUR:** N/A _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**(b)  Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: __Grounds 1 and 2 were not previously presented__

__because; (1) A § 2255 motion is the preferred method for raising a claim of__

__ineffective assistance of counsel and; (2) Defense counsel colluded with the__

__Assistant U.S. Attorney to get Petitioner to withdraw her direct appeal in__

__exchange for a Rule 35 Motion that was never filed.__

_____

_____

14. Do you have any motion, petition, or appeal **now pending** (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐   No ■
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: __G David Haigh_____

__714 N. Spurgeon; Santa Ana, CA 92701_____

(b) At arraignment and plea: __G David Haigh_____

__714 N. Spurgeon; Santa Ana, CA 92701_____

(c) At trial: __G David Haigh_____

__714 N. Spurgeon; Santa Ana, CA 92701_____

(d) At sentencing: __Mark Allenbaugh_____

__575 Anton Blvd., Suite 300; Costa Mesa, CA 92626_____

(e) On appeal: ___Mark Allenbaugh_____

___575 Anton Blvd., Suite 300; Costa Mesa, CA 92626_____

(f) In any post-conviction proceeding: _N/A_____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _N/A_____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ■ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ■

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* Petition is not Timely Filed.  However, Petitioner submits that the time should be tolled due to the government prosecutor impeding a timely filing by promising a Rule 35 Motion in exchange for Petitioner withdrawing her direct appeal and then not filing the promised Motion within the time allowed by law, causing Petitioner to miss the 2255 deadline.

The statute of limitations governing § 2255 motions begins to run from;

"(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;..."

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**Therefore, movant asks that the Court grant the following relief:** To toll the time for filing this
2255 Motion; Order the Assistant U.S. Attorney to file the promised Rule 35
Motion and Reduce Petitioner's sentence to 30 months; Appoint counsel;
**or any other relief to which movant may be entitled.**


N/A  Pro se

**Signature of Attorney (if any)**


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true
and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing
system on _January 10, 2012_ (month, date, year).

Executed (signed) on _January 10, 2012_ (date).


**Signature of Movant**

\* \* \* \* \*

MEMORANDUM IN SUPPORT

## HISTORY:

Defendant-Petitioner Olga Lilia Toscano (Hereinafter, "Ms. Toscano"), along with several others, was indicted on October 27, 2004 for Conspiracy and Mail Fraud. This case involved a conspiracy among health care providers and support staff to bill health insurance companies for unnecessary medical procedures, or otherwise over-billing for necessary medical procedures. Ms. Toscano was one of three individual co-defendants and one organizational co-defendant named in 12 counts of a 16-count indictment alleging, *inter alia*, conspiracy to commit wire fraud.

After a jury trial, Ms. Toscano was found guilty only of Counts 1, 2, 7, 9 and 10; She was acquitted of Counts 3, 4, and 8; and Counts 5, 6, 11 and 12 were dismissed. The acquitted and dismissed counts primarily also involved individual acts of wire fraud pertaining to fraudulent billing practices. Count 1 set forth the conspiracy to commit wire fraud charge. The remaining four counts for which Ms. Toscano was convicted constituted individual acts pertaining to the mail fraud. In sum, Ms. Toscano was convicted of conspiracy to commit four individual acts of wire fraud.

On November 21, 2008 Ms. Toscano was sentenced to 78 months imprisonment and was immediately placed in the custody of the Bureau of Prisons. Ms. Toscano timely filed a Notice of Appeal.

On April 29, 2009 Attorney Mark Allenbaugh (Hereinafter, "Mr. Allenbaugh") filed Ms. Toscano's direct appeal, which was assigned case number 08-50530.

15

Between the dates of April 29, 2009 and May 23, 2009 the Assistant U.S. Attorney and Mr. Allenbaugh convinced Ms. Toscano to withdraw her direct appeal in exchange for a Rule 35 Motion which would be filed by the Assistant U.S. Attorney. On May 23, 2009 Mr. Allenbaugh and Ms. Toscano signed a Post-Conviction Agreement drafted by the Assistant United States Attorney. On May 26, 2009 Assistant U.S. Attorney Kenneth B. Julian signed the Post-Conviction Agreement and, on May 27, 2009 Mr. Allenbaugh filed a Motion to Dismiss Ms. Toscano's direct appeal.

Between the dates of May 27, 2009 and April 26, 2011 several communications between Mr. Allenbaugh, Ms. Toscano and Ms. Toscano's family were exchanged regarding the Rule 35 Motion. The majority of the communications between the above mentioned parties were by way of e-mail as outlined below;

1. On April 12, 2010 Jason Tillery (Ms. Toscano's boyfriend) sent an e-mail to Mark Allenbaugh requesting "a signed copy of the "rule 35" that has been granted for Olga's case." Mr. Allenbaugh responded on April 17, 2010 stating that "...a signed copy already has been sent to Olga directly, but will send another."

2. On May 7, 2010, in response to Ms. Toscano's e-mail inquiry regarding unanswered mail, Mr. Allenbaugh stated "...have already sent Jason a copy of the signed Rule 35."

3. On May 12, 2010, in response to Ms. Toscano's e-mail, Mr. Allenbaugh stated "...we still have the Rule 35 option...you can still appeal your sentence by filing a habeas corpus petition via 18 USC 2255 for ineffective assistance of counsel, i.e., claiming that I was ineffective in representing you. I of course will be more than

happy and willing to cooperate on this...the direct appeal most likely would not have resulted in anything (and we would still be waiting for the outcome of the appeal at this juncture; the 9th Cir. Generally takes two years to decide an appeal, sometimes longer)...I explained this to you which is why we decided on the Rule 35 route. That still remains an option..."

4. On March 3, 2011, in response to Ms. Toscano's e-mail requesting copies of filings, Mr. Allenbaugh answered "I will mail you a copy of the brief I filed, but then dismissed in order to get the Rule 35 that we discussed...Finally, if you are planning a habeas corpus action, you may be out of time to do so as you had a year from the time dismissal of your appeal to do so."

5. On April 27, 2011, Mr. Allenbaugh, in response to yet another request for a copy of the appeal brief he filed for Ms. Toscano "before you talk to me about the rule 35" responded "I am overseas for the next week and will make sure all that is sent to you when I get back."

**GROUND ONE: Sixth Amendment Violation-Ineffective Assistance of Counsel**

Ms. Toscano submits that attorney Mark Allenbaugh was ineffective. As seen by the above outlined correspondences between Mr. Allenbaugh, Jason Tillery and Ms. Toscano Mr. Allenbaugh strung Ms. Toscano along for almost two years by making her believe that there was a Rule 35 Motion in the works for her; a "signed Rule 35" Motion. Although Mr. Allenbaugh kept telling Ms. Toscano that "a copy of the signed Rule 35" had been sent to Jason Tillery and, told Jason Tillery that "a copy of the signed Rule 35" Motion had been sent to Ms. Toscano, neither Jason Tillery or Ms.

17

Toscano ever received "a copy of the signed Rule 35" Motion.  Two weeks prior to the

deadline for filing a § 2255 Mr. Allenbaugh informed Ms. Toscano that "...we still have

the Rule 35 option...you can still appeal your sentence by filing a habeas corpus petition

via 18 USC 2255 for ineffective assistance of counsel".  Once the time for filing a Motion

for relief under 18 U.S.C. § 2255 had passed Mr. Allenbaugh, on March 3, 2011,

informed Ms. Toscano "you may be out of time to do so as you had a year from the

time dismissal of your appeal to do so."

   Ms. Toscano believes that Mr. Allenbaugh colluded with the Assistant U.S. Attorney

to convince her to withdraw her direct appeal and to obstruct and/or impede her filing

of a § 2255 Motion.  Together, Mr. Allenbaugh and the Assistant U.S. Attorney

convinced Ms. Toscano that in order to receive a downward departure by way of a Rule

35 Motion she would have to withdraw her direct appeal.  Ms. Toscano, believing that

she would receive a downward departure by way of a Rule 35 much quicker than she

would receive relief by way of a direct appeal, agreed to dismiss her direct appeal.  Ms.

Toscano was given an ultimatum; either withdraw the appeal or lose a definite

reduction by way of a Rule 35.  However, to date Ms. Toscano has not received so

much as a copy of the elusive Rule 35.   Ms. Toscano now believes that she was conned

by her attorney and the Assistant U.S. Attorney into giving up a direct appeal that may

have very well resulted in a reduced sentence.

   Whether a defendant's ineffective assistance of counsel claim has merit is determined

by the teaching of ***Strickland v. Washington,*** **466 U.S. 668 (1984)**. A convicted

defendant seeking to overturn his conviction or sentence on the basis that he was

denied effective assistance of counsel must establish (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. See id. at 687. Ms. Toscano submits that both prongs are met in this case. In this case, Mr. Allenbaugh's ill advice cost Ms. Toscano her direct appeal.

During all critical stages of a prosecution it is counsel's duty to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution (*Strickland*, **466 U.S. at 688**). Those obligations ensure that the ultimate authority remains with the defendant "to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal" (*Jones v. Barnes*, **463 U.S. 745, 751 (1983)**). If not for defense counsel's faulty legal advice, the outcome in this case would have been different.

The cornerstone of effective assistance of counsel is set forth by the Supreme Court in *Strickland v. Washington*, **466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed 2d 674 (1984)**. The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. *McMann v. Richardson*, **397 U.S. 749 (1970)**, *Cuyler v. Sullivan*, **446 U.S. 335 (1980)**; *U.S. v. Angelone*, **894 F.2d 1129 (9th Cir 1990)**; *Strickland v. Washington*, **466 U.S. 668 (1984)**; *U.S. v. Cronic*, **466 U.S. 648, 653, 80 L.Ed.2d 657, 104 S. Ct. 2039 (1984)**.

In *Strickland v. Washington*, **466 U.S. 668 (1984),** the U.S. Supreme Court established a two-prong test with which to evaluate ineffective assistance of defense counsel claims: **(1)** That counsel's performance fell below an objective standard of

19

reasonableness, and **(2)** That counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome of the proceedings. ***Lockhart v. Fretwell,* 506 U.S. 364; 113 S. Ct. 838; 122 L.Ed 2d 180 (1993)** quoting ***Strickland,*** *supra* at page **687;** ***U.S. v. Springs,* 988 F.2d 746 (7th Cir 1993); *Kyles v. Whitley,* 5 F.3d 806 (5th Cir 1993) cert. granted 114 S. Ct 1610 (1994);** reasonable probability of a different result with effective assistance.

For the points of authority and reasons stated herein Ground One regarding counsel's performance, Defendant-Petitioner Olga Lilia Toscano is entitled to the relief she is seeking.

## GROUND TWO: Fifth Amendment Due Process Violation-Prosecutorial Misconduct

Ms. Toscano submits that she was promised a Rule 35 Motion in exchange for her in depth information about employees, marketers, billing staff, doctors and, the owners of the surgery centers she was employed by. She provided the government with an account of the day to day operation of the surgery centers and gave all the information she had on the employees involved in this case. She also gave up her direct appeal, which was included in the agreement.

Once Ms. Toscano had given the government all that they had asked for and had withdrawn her direct appeal, and the time for filing for habeas relief had expired, she was told that the government no longer wanted the information she had provided and that she would need to become an informant on her fellow inmates in order to get the promised Rule 35 Motion.

Ms. Toscano believes that the only reason the government made an agreement with her was to get everything that they wanted, including the dismissal of her direct appeal. The government prosecutor in this case dealt Ms. Toscano an uneven hand. *See, **Yick Wo v. Hopkins**, 118 U.S. 356, 30 LEd 220, 96 S.Ct. 1064 (1886)*, a case in which the Supreme Court coined the term "Evil eye and an uneven hand".

The Ninth Circuit in ***U.S. v. Chen***, 99 F3d 1495 (9th Cir. 1996) ruled that it is within the discretion of the trial court to act in appropriate manner to discipline a prosecutor if he subverted a defendant's attorney-client relationship.  It is evident that the Assistant U.S. Attorney in this case sabotaged the attorney-client relationship in this case and sabotaged the direct appeal process that may have provided Ms. Toscano with relief by way of a lesser sentence or even an overturned conviction.

The collusion between Mr. Allenbaugh and the Assistant U.S. Attorney was initiated by the latter and Mr. Allenbaugh in turn hoodwinked his client knowing full well that the government did not intend to file a Rule 35.

Each week, out of the 70-odd new criminal decisions published by the Federal courts, there are, on average some 10% of those cases that involve claims by defendants who argue that they were improperly denied the sentencing relief they were promised based on their "substantial cooperation" to the Government. (See, the 1999 Sourcebook of Federal Sentencing Statistics, published by the U.S. Sentencing Commission).   While there are no statistics that show the percentage of defendants who claim that they were led down the garden path by the Government only to be denied any sentence reduction, it is clear that there appears to be a growing number of reported cases in

21

which defendants are claiming that the Government breached its obligation to make a motion for a sentence reduction. It is also equally clear that, in the overwhelming majority of those cases, relief is denied because the defendants are unable to "prove" that the prosecutors had some unconstitutional motive in refusing to move for a downward departure.

For the points of authority and reasons stated herein Ground Two regarding the government's misconduct, Defendant-Petitioner Olga Lilia Toscano is entitled to the relief she is seeking.

### Timeliness of §2255 Motion

The assumption that, once a §2255 motion becomes untimely under §2255(f)(1), all subsequent §2255 motions will necessarily be untimely as well is *not* correct. The statute of limitations governing §2255 motions begins to run from the latest of one of the following four events:

**(1)** the date on which the judgment of conviction becomes final;

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255(f).

In this case Ms. Toscano falls under number two **(2)** of the events listed above. The government (and Mr. Allenbaugh) certainly impeded Ms. Toscano by causing her to wait for almost two years for a Rule 35 Motion to be filed, only to discover that the government had not filed the promised Rule 35 Motion and that her time for seeking post-conviction relief has expired.

In addition, Ms. Toscano's §2255 motion is not time-barred because the "facts" underlying a claim of ineffective assistance of counsel include the prevailing professional norms that establish the duties of a criminal defense attorney. A defendant who did not know, and who could not reasonably have been expected to know, that prevailing professional norms required his attorney to perform certain specified duties, cannot be time-barred from asserting a claim for ineffective assistance of counsel until he learns of those professional norms and those duties. Ms. Toscano did not know, and under the circumstances of this case could not reasonably have known, that her attorney owed her certain specific professional duties, or that defense counsel breached those duties. Once she learned these facts, she proceeded with alacrity to seek post-conviction relief. Ms. Toscano only learned the facts supporting her claims within the year preceding her filing of her §2255 motion. Moreover, under the unusual circumstances of this case, Ms. Toscano could not reasonably have discovered these facts at an earlier time due to the fact that the attorney she trusted was constantly reassuring her that a Rule 35 had been filed and that "a signed copy" was being sent to her.

The district court in this case, as well as every court from the district court level to the Supreme Court, should be deeply concerned that some prosecutors dangle the

[boilerplate] suggestion of a downward departure motion in front of defendants to lure them into agreements, all the while knowing that no matter what defendant's cooperation amounts to the prosecutor will claim that the cooperation does not constitute assistance valuable enough to find it 'substantial.'   The Government is a repeat player in this ritual, each defendant approaches the provisions of his agreement anew with the understandable belief that the agreement and its terms are tailored to that defendant's particular circumstance.  By indiscriminately implying in each and every case not only that a departure motion is a possibility, but also that partial cooperation might in a given case be sufficient, the agreement is arguably deceptive.  Take Ms. Toscano for example.  Prior to signing the Post-Conviction Agreement, she knew that the Government would be seeking her knowledge of the day to day operation of the surgery center and involvement of the owners and employees in this case.  Ms. Toscano truthfully gave all the information she could.  Ms. Toscano did all that she was asked to do, including withdrawing her direct appeal.

As currently written, the boilerplate provisions suggest to defendants, such as Ms. Toscano, that their chances at a motion may be greater than they are.  There is no good reason for the Government not to take the necessary extra step to insert more explicit and well-tailored caveats into its agreements.  The Government's claim that its interest in maintaining a reputation for fairness among criminal defendants guarantees judicious exercise of its ability to consider filing a downward departure motion is undermined by the use of boiler-plate provisions.

24

**Conclusion:**

The Government acted in bad faith in this case and, in light of ALL the circumstances presented herein, Ms. Toscano submits that inquiry into her case is warranted.

The Government took advantage of Ms. Toscano by offering her something they never intended to give her; a downward departure, in exchange for her direct appeal and her information; which she fully gave.

In support of Ms. Toscano's claims of ineffective assistance of counsel and prosecutorial misconduct she submits the accompanying sworn statements and e-mails.

Ms. Toscano respectfully requests that this Court conduct an evidentiary hearing and appoint counsel to represent her in any further proceedings.

For the points of authority and reasons stated herein, the conviction and sentence imposed upon Olga Lilia Toscano cannot be sustained and the relief she is seeking must be **GRANTED.**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Motion To Vacate, Set Aside or Correct a

Sentence has been sent this __10__ day of January, 2012, by placing the same in the

United States Mail, First Class postage prepaid for delivery to;

Jeannie M Joseph, AUSA
Office of US Attorney
Criminal Division
411 West 4th Street Suite 8000
Santa Ana, CA 92701-4599

_____
Olga Lilia Toscano

Mailed pursuant to the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988)

Affidavit of Olga Toscano

# AFFIDAVIT

I, Olga Lilia Toscano, Register No. 28680-112 make the following statements in Case. SA CR 04-281-AHS.

On November 21, 2008, I was convicted by a jury trial and later sentenced to 78 months imprisonment. I was represented by David Haigh at trial and sentencing.

Donald Purdy and Mark Allenbaugh were hired to represent me for the appeal process.

My appeal was filed timely and later was withdrawn by the promise of the Rule 35.

In connection with this case I was transferred to the Orange County jail for the state case on February 24, 2009. During the 6 months I was awaiting the state prosecution; Mark Allenbaugh visited and approached me in May 2009 with the subject of the Rule 35.

He advised me that both the state and the federal prosecutors were in agreement with the Rule 35 and were eager to learn the information.

Mr. Allenbaugh told me that the Rule 35 was my best option and that my chances of an appeal were minimal at best.

Mr. Allenbaugh advised me that the Rule 35 would significantly reduce my sentence and would also be a great assistance with the state case, but the catch was that I would lose my right to an appeal.

Against my gut feeling, I took Mr. Allenbaugh's professional opinion and signed the Rule 35 agreement on May 23, 2009.

I provided in depth information about employees, marketers, billing staff, doctors and the owners of the surgery centers. I offered information about day to day practices and the overall aspect of their business.

Mr. Allenbaugh advised me that the prosecution had agreed and approved the Rule 35.

Mr. Allenbaugh also advised me that both prosecutors would schedule a "Queen of the Day" conference, to question me at length, and that I should prepare for this momentous meeting.

Significant time passed, and when I approached the subject, Mr. Allenbaugh reassured me that this wait was worthwhile, and I should not be worried and impatient about it.

On August 11, 2009, I was before the court in Orange County. Mr. Allenbaugh discussed the sate offer of 9 years, with me doing only 50% of that sentence. I told him that the other defendant had received 8 years at 50%. His response was: "Another year is not such a big deal". My reply was:

"For me, just one day being incarcerated and away from my mother and only daughter is a very big deal".

Mr. Allenbaugh suddenly became very hard to reach, and after almost a year, advised me that the prosecution was no longer interested in the information provided.

By now, the time for my appeal had lapsed. This is when Mr. Allenbaugh came up with the idea of me providing the Government with information concerning the illegal activities of other inmates and further information about their cases. I could not believe that a licensed attorney was directing me to be a "snitch", and was willing to put my life in jeopardy while I was living inside a federal prison. What prompted Mr. Allenbaugh with this idea, and the motive behind this latest advice is still incomprehensible to me. One thing I know for sure, he was not looking for my best interest.

At last, Mr. Allenbaugh advised me that my best bet would be a motion under 18 USC 2255, and he would willingly testify to his own ineffectiveness.

Mr. Allenbaugh entered into a contract with me, as my legal representation, with no regards of attorney client fiduciary responsibility.

I declare under penalty of perjury, and under the laws of United States of America, that the foregoing affidavit is true and correct.

Respectfully submitted this _5_ day of _december_, 2011.

_(signature)_

Olga Lilia Toscano

State of California

County of Alameda

On _____, before me, _____, a Notary Public,

Personally appeared _____ who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledge to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed this instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal:

_____                    _____

Signature of Notary public                          SEAL

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

1  Affidavit for Case SA CR 04-281-AHS

2  _____

3  _____

4  _____

5  _____

6  _____

Signature of Document Signer No. 1                    Signature of Document Signer No. 2 (If any)

State of California

County of  Alameda

Subscribed and sworn to (or affirmed) before me on this

__5__ day of __December__, 20 _11_, by
   Date              Month              Year

(1)  Olga L. Toscano ,
                  Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me (.) (,)

                         (and

(2)_____ ,
                  Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me.)

Signature  E. Samaniego
                  Signature of Notary Public

E. SAMANIEGO
Commission # 1951002
Notary Public - California
Alameda County
My Comm. Expires Sep 10, 2015

Place Notary Seal Above

———————— **OPTIONAL** ————————

*Though the information below is not required by law, it may prove
valuable to persons relying on the document and could prevent
fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document:_____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

RIGHT THUMBPRINT
OF SIGNER #1
Top of thumb here

RIGHT THUMBPRINT
OF SIGNER #2
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827

Affidavit of Jason Tillery

U.S.A. vs Olga Toscano

I am writing this to inform the courts of the statements made to Olga Toscano and to me by her attorney Mark Allenbaugh which directly affected Olga's decision and ability to file an appeal in her case.

Olga's attorney had stated to me and to Olga Toscano that he spoke with the prosecution and they were open to considering a rule 35 in exchange for Olga's account of the day to day operation of the Surgery Center and the employees involved along with giving up her right to an appeal.

Olga did not want the rule 35; she wanted to appeal her case due to the gross negligence of prior counsel. She was convinced by Mr. Allenbaugh that her chance of winning an appeal was next to none. That the Rule 35 would significantly reduce her sentence if not eliminate it and if she wanted to get out of the predicament this would be the only viable option. Olga was very hesitant and did not understand why she would be convicted of actions that she did not do and was sure if she had adequate counsel that her innocence would prevail.

Olga's attorney claimed he had met with the prosecution and it was agreed that she would elaborate on the day to day operation and forfeit her right to appeal in exchange for the rule 35.

Olga gave in-depth details of employees (marketers, physicians, billers, patients of those marketers) and questionable practices that she witnessed that were not in-line with the protocol that she had been directed to follow. She gave names of Surgery Centers and employees of those centers that serviced police officers and their families under practices that she felt were deceitful and fraudulent.

Olga's attorney claimed the prosecution approved the rule 35 and she would have "a queen for a day" that they would schedule in the future. Significant time had passed and Olga had never received her "Queen for the Day" when her attorney was finally able to be reached he assured her that this was a normal time frame and that she would be contacted very soon and not to worry. Olga expressed her concern for the window to appeal was closing very soon and if the rule 35 was not going to materialize that she wanted to exercise her right to appeal. The attorney assured her that he had been given the approval and these things take time.

The date to appeal was very close and Olga tried to contact her attorney but he was unreachable. When contact was finally made the attorney informed her that her information was no longer acceptable and she would have to provide new information of illegal acts that she may witness in the current prison setting in which she resides in order to get a rule 35. This was conveyed to her conveniently after the date of expiration had passed to file an appeal and after the prosecution had received all the information from Olga on the day to day operations. Not only would this situation jeopardize Olga's life but was not agreed upon in exchange for her forfeiting her right to appeal.

This is just one of many situations that have denied Olga Toscano of a fair day in court and has delayed the pursuit of truth and justice to our legal system. I believe if Olga Toscano has adequate representation for her involvement with this case the truth will be revealed to the court and public, and a conclusion will be made that she is innocent of the charges. I believe this will be possible through process of appeals.

"I state this to be true under the penalty of perjury according to the law"

Jason Tillery

714-745-1049
Jbtillery2000@yahoo.com


State of California
County of Orange

On **October 24, 2011** before me *Andrew Sterner, Notary Public*
Name & Title of Notary Public

Personally appeared *Jason Barlow Tillery*

Who proved to me on the basis of satisfactory evidence to be the person(s) Whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under the PENALTY OF PERJURY under the laws of State of California that the foregoing is true & correct.

WITNESS my hand and official seal.

ANDREW STERNER
COMM. # 1907066
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
COMM. EXPIRES OCT. 7, 2014

(seal)

E-Mail Correspondence

TRULINCS  28680112 - TOSCANO, OLGA LILIA - Unit: DUB-B-A

--------------------------------------------------------------------------------------------------------------------------------

-----Allenbaugh, Mark on 05/07/2010 03:33 PM wrote:

>

Olga:

I just returned from overseas.  My secretary will be back in Monday and I will go over everything with her.  I am putting together all the hours I've put into the case for you and have already sent Jason a copy of the signed Rule 35.  Please call me at 3:00 p.m. on Tuesday if possible so we can discuss your case.

Thanks and hope you are well.

-Mark

OLGA LILIA TOSCANO on 5/7/2010 3:16:50 PM wrote:

Hi!! Mark how are you?

I hope that now i have acsess to email maybe you will have a chance

to let me know what's going on i send it to you 4 letters and i still

not getting any answer, i should made it certified so you will maybe

answer those letters.

I hope to get an answer soon!!

  Have a great day.

TRULINCS 28680112 - TOSCANO, OLGA LILIA - Unit: DUB-B-A

---------------------------------------------------------------------------------------------

FROM: Allenbaugh, Mark
TO: 28680112
SUBJECT: Re: RE: Re: Hi!! Mark
DATE: 5/12/2010 11:37:03 AM


Olga:

Agreed. This is a more convenient way for us to communicate. I am waiting on Rick Welsh to adjust your credits and am confident that will happen shortly. We still have the Rule 35 option if there is ANYTHING that you can provide whether it is case related or not.

As I explained to Jason, our options at this point are somewhat limited. You can still appeal your sentence by filing a habeas corpus petition via 18 USC 2255 for ineffective assistance of counsel, i.e., claiming that I was ineffective in representing you. I of course will be more than happy and willing to cooperate on this. Of course, I would not be able to represent you. While there are attorneys who specialize in this, it can be costly and 2255 petitions almost always are denied anyway. SO, to save money, I would suggest filing one pro se, which is how the vast majority of these petitions are filed anyway.

To be sure, if we had gone the direct appeal route, you would have exhausted your financial resources there with a very slim likelihood of a remand for resentencing. Less than 5% of appeals result in a remand for resentencing and you could have ended up with the same sentence anyway upon remand. The reason why I am explaining this to you is that the direct appeal most likely would not have resulted in anything (and we would still be waiting for the outcome of the appeal at this juncture; the 9th Cir. generally takes two years to decide an appeal, sometimes longer).

As you recall, I explained this to you which is why we decided on the Rule 35 route. That still remains an option and I am hoping we may be able to still exploit it, but I will need information from you via a letter (do not send me information over this email system).

So, please email me a list of what you need and I will do everything I can to help. By the way, please let me know if you would like to be reassigned to Victorville. I believe the time is approaching where it would make sense to do that unless you are content where you are at now.

Wishing you all the best,

-Mark

OLGA LILIA TOSCANO on 5/11/2010 3:54:39 PM wrote
Hi!! Mark i got your email but i have to go to work and here in

prision is very hard to set up a time for phone calls because is only

5 phones for almost 300 inmates in my unit i guess is a better way to

comunicate via email so im sure you get my letters and my request

i already lost a lot of time waiting for an answer maybe is not even

your foul but i going to send you a list of stuff that i need to do something

by myself .

Thank you any way.

            Olga T.

CORRULINCS  28680112 - TOSCANO, OLGA LILIA - Unit: DUB-B-A

---------------------------------------------------------------------------------------

FROM: Allenbaugh, Mark
TO: 28680112
SUBJECT: Re: Good morning MARK!!
DATE: 3/3/2011 1:56:45 PM


Olga:

I hope you are doing well.  I will mail you a copy of the brief I filed, but then dismissed in order to get the Rule 35 that we discussed.  As far as the state is concerned, I went over your calculations numerous times with the DA, and he insists that his calculations are correct.  In any event, it is a moot point as your federal sentence is LONGER than the state sentencing.  Meaning, even if you were to get your state sentence reduced, you still have federal time.  If you are working on a Rule 35 sentence reduction, and it gets granted, then the state sentence may become an issue.  I previously have given Jason a copy of the TAHL form to mail you.

The restitution amount, as I recall, we plead to, so there really is no fixing that.

In the meantime, are you still at Taft?  If so, that is where I will send the material.

Finally, if you are planning a habeas corpus action, you may be out of time to do so as you had a year from the time dismissal of your appeal to do so.

Please let me know if I can be of further assistance.

Most sincerely yours,

Mark

OLGA LILIA TOSCANO on 3/3/2011 12:56:06 PM wrote
Hello Mark these is Olga Toscano, is been long time and i know maybe you don't want to know anything about me, but i need the copy of the appealing that you made for me before and also i like to know if Samini or i don't know the name of the lawyer from your firm that represent me on the State fix my credit time and the restitution, and  send me a coppy of my appealing or let me know if you need Jason to stop by .       Thank you and i hope to receive news from you soon.
                                 God bless you.       Olga T.

TRULINCS  28680112 - TOSCANO, OLGA LILIA - Unit: DUB-B-A
--------------------------------------------------------------------------------------------------------------------

FROM: 28680112
TO: Allenbaugh, Mark
SUBJECT: RE: Re: Good morning MARK!!
DATE: 4/26/2011 7:52:59 AM


Good morning Mark!! i sending you a reply from the mail i get on march when you promise me to send me a copy of the brief you filed can you do it sooner i been waiting for almost 2 months, remember is the copy of the appeal you filed for me before you talk to me about the rule 35, and also Mark i have any paper from my plea on the state case i need at least the copy of that i don't even know what is all the charges on the state or what is the all instructions about my sentence so i can fight about a lot of  the mistakes that when made that day , it is you or your partner Samini who has all that information?
i need it, i hope i can get at least the regular information from all the money was give to you guys for what it was done, if you remember you try to convince me to signed for 9 years and i told you no that how Maria got 8 years and you told me that a year was no to much difference and i told you for you that you are out "free" any way i just need what is normal from a lawyer or law firm and the client i hope i get and answer soon.
          Thank you very much and have a great day.


-----Allenbaugh, Mark on 03/03/2011 01:03 PM wrote:

>

Olga:

 hope you are doing well.  I will mail you a copy of the brief I filed, but then dismissed in order to get the Rule 35 that we discussed.  As far as the state is concerned, I went over your calculations numerous times with the DA, and he insists that his calculations are correct.  In any event, it is a moot point as your federal sentence is LONGER than the state sentencing.  Meaning, even if you were to get your state sentence reduced, you still have federal time.  If you are working on a Rule 35 sentence reduction, and it gets granted, then the state sentence may become an issue.  I previously have given Jason a copy of the TAHL form to mail you.

The restitution amount, as I recall, we plead to, so there really is no fixing that.

n the meantime, are you still at Taft?  If so, that is where I will send the material.

Finally, if you are planning a habeas corpus action, you may be out of time to do so as you had a year from the time dismissal of your appeal to do so.

Please let me know if I can be of further assistance.

Most sincerely yours,

Mark

OLGA LILIA TOSCANO on 3/3/2011 12:56:06 PM wrote
Hello Mark these is Olga Toscano, is been long time and i know maybe you don't want to know anything about me, but i need the copy of the appealing that you made for me before and also i will like to know f Samini or i don't know the name of the lawyer from your firm that represent me on the State fix my redit time and the restitution, and  send me a coppy of my appealing or let me know if you need ason to stop by .         Thank you and i hope to receive news from you soon.
          God bless you.        Olga T.

TRULINCS  28680112 - TOSCANO, OLGA LILIA - Unit: DUB-B-A
--------------------------------------------------------------------------------------------

FROM: Allenbaugh, Mark
TO: 28680112
SUBJECT: Re: RE: Re: Good morning MARK!!
DATE: 4/27/2011 2:31:59 AM


Olga:

I am overseas for the next week and will make sure all that is sent to you when I get back.  My assistant told me it had been sent last month, apparently not.  Have you received full good time credits for your federal sentence?  Please confirm.

Thanks,

Mark

OLGA LILIA TOSCANO on 4/26/2011 11:26:56 AM wrote
Good morning Mark!! i sending you a reply  from the mail i get on march when you promise me to send me a copy of the brief you filed can you do it sooner i been waiting for almost 2 months, remember is the copy of the appeal you filed for me before you talk to me about the rule 35, and also Mark i have any paper from my plea on the state case i need at least the copy of that i don't even know what is all the charges on the state or what is the all instructions about my sentence so i can fight about a lot of  the mistakes that when made that day , it is you or your partner Samini who has all that information?
i need it, i hope i can get at least the regular information from all the money was give to you guys for what it was done, if you remember you try to convince me to signed for 9 years and i told you no that how Maria got 8 years and you told me that a year was no to much difference and i told you for you that you are out "free" any way i just need what is normal from a lawyer or law firm and the client i hope i get and answer soon.
        Thank you very much and have a great day.


-----Allenbaugh, Mark on 03/03/2011 01:03 PM wrote:

>

Olga:

I hope you are doing well.  I will mail you a copy of the brief I filed, but then dismissed in order to get the Rule 35 that we discussed.  As far as the state is concerned, I went over your calculations numerous times with the DA, and he insists that his calculations are correct.  In any event, it is a moot point as your federal sentence is LONGER than the state sentencing.  Meaning, even if you were to get your state sentence reduced, you still have federal time.  If you are working on a Rule 35 sentence reduction, and it gets granted, then the state sentence may become an issue.  I previously have given Jason a copy of the TAHL form to mail you.

The restitution amount, as I recall, we plead to, so there really is no fixing that.

In the meantime, are you still at Taft?  If so, that is where I will send the material.

Finally, if you are planning a habeas corpus action, you may be out of time to do so as you had a year from the time dismissal of your appeal to do so.

Please let me know if I can be of further assistance.

Most sincerely yours,

-Mark

OLGA LILIA TOSCANO on 3/3/2011 12:56:06 PM wrote
Hello Mark these is Olga Toscano, is been long time and i know maybe you don't want to know anything about me, but i need the copy of the appealing that you made for me before and also i will like to know



**TERRY NAFISI**
District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Tuesday, January 17, 2012

OLGA LILIA TOSCANO  #28680-112
FEDERAL CORRECTIONAL INSTITUTION
5701 8TH STREET CAMP PARKS
DUBLIN, CA 94568


Dear Sir/Madam:

A ☐ Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number
     _____

A ☒ Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case
     number  **SACR04-00281 AHS**  and also assigned the civil case number      **SACV12- 78 AHS**

A ☐ Motion for Extension of Time to File Habeas Corpus Petition was filed today on your behalf and
     assigned civil case number _____

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:
   ☒ District Court Judge  **Alicemarie H. Stotler**  _____
   ☐ Magistrate Judge  _____
at the following address:

☐  U.S. District Court          ☒ Ronald Reagan Federal          ☐  U.S. District Court
    312 N. Spring Street           Building and U.S. Courthouse       3470 Twelfth Street
    Civil Section, Room G-8        411 West Fourth St., Suite 1053    Room 134
    Los Angeles, CA  90012         Santa Ana, CA  92701-4516          Riverside, CA 92501


The Court must be notified within fifteen (15) days of any address change.  If mail directed to your
address of record is returned undelivered by the Post Office, and if the Court and opposing counsel
are not notified in writing within fifteen (15) days thereafter of your current address, the Court may
dismiss the case with or without prejudice for want of prosecution.

                              Very truly yours,

                              Clerk, U.S. District Court


                    By:  ___DLAGMAN_____
                            Deputy Clerk

CV-17  (06/09)          **LETTER re FILING H/C PETITION or 28/2255 MOTION**



⟨⟩28680-112⟨⟩
Clerk U.S District Court
Central District of C A
411 W. 4th Street
Santa ANA, CA 92701
United States