UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| OLGA LILIA TOSCANO, | ) | SA CV 12-00078 AHS |
| | ) | SA CR 04-00281 AHS |
| Defendant/Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING MOTION TO |
| | ) | REOPEN TIME TO APPEAL [ECF |
| UNITED STATES OF AMERICA, | ) | NO. 491] |
| | ) | |
| Plaintiff/Respondent. | ) | |
| _____ | ) | |

**I.**

**PROCEDURAL BACKGROUND**

On January 17, 2012, Olga Lilia Toscano ("Petitioner") filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion"). The Court entered an Order Denying Petitioner's 2255 Motion on September 10, 2012. (ECF No. 490.)[1] On December 3, 2012, Petitioner filed a notice of appeal of the September 10, 2012 Order and requested a certificate of appealability. (ECF No. 491.) The Court denied Petitioner's

---

[1] References to ECF documents are to the docket of Petitioner's criminal case, Case No. SA CR 04-00281 AHS.

request for a certificate of appealability on January 11, 2013. (ECF No. 495.)  On January 25, 2013, the United States Court of Appeals for the Ninth Circuit issued an order remanding Petitioner's case with instructions to construe the notice of appeal as a motion to reopen time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) ("Rule 4(a)(6)"), in accordance with the holding of <u>United States v. Withers</u>, 638 F.3d 1055, 1061 (9th Cir. 2011).  Petitioner's case was remanded to this Court for the limited purpose of determining whether Petitioner's Motion to Reopen Time to Appeal[2] was timely, and, if so, whether it should be granted.[3]

The Court finds Petitioner's Motion was timely and grants her request to reopen time to appeal.

## II.

### FACTUAL HISTORY

Petitioner is currently incarcerated at the Federal Correctional Institution in Dublin, California ("FCI Dublin"). (<u>See</u> Pet'r's Mot., ECF No. 491.)  According to Petitioner, she had been temporarily relocated to a different facility to provide testimony for the State of California in a state proceeding and

---

[2] In accordance with the Ninth Circuit's direction on remand, the document filed by Petitioner entitled "Notice of Appeal and Request for Certificate of Appealability" will be referred to herein as "Petitioner's Motion to Reopen Time to Appeal" or "Petitioner's Motion."

[3] The remand order also requested that the Court rule on Petitioner's certificate of appealability.  An order denying Petitioner's request for a certificate of appealability was entered on January 11, 2013.  (ECF No. 495.)  A copy of the January 11, 2013 Order is attached for ease of reference.

was "just recently" returned to FCI Dublin.  Petitioner claims that during her time away from FCI Dublin her mail was not being forwarded (or there was a delay in forwarding it) and she did not have access to her legal documents or personal belongings.  As of the date of Petitioner's Motion, November 29, 2012, she "had just been returned" to FCI Dublin and up to that point she was not aware of the September 10, 2012 Order denying her 2255 Motion.

### III.

### DISCUSSION

A party may move the district court to reopen time to appeal within 180 days after the entry of the judgment or order sought to be appealed or within 14 days after the moving party receives notice of the entry, whichever is earlier.  Fed. R. App. P. 4(a)(6)(B).  Given Petitioner's representation that she did not receive notice of the September 10, 2012 Order until approximately November 29, 2012, her Motion, filed 4 days later on December 3, 2012, was timely filed within the 14-day period required by Rule 4(a)(6).

A motion to reopen time to appeal may be granted if the moving party did not receive notice of the order within 21 days after entry and no party would be prejudiced by reopening time.  Fed. R. App. P. 4(a)(6).  On the strength of Petitioner's unchallenged assertion that she did not receive notice of the September 10, 2012 Order until she was returned to FCI Dublin on or about November 29, 2012, the Court finds that Petitioner did not receive notice of the Order within 21 days after it was entered.

The Court also finds that no party will be prejudiced

by reopening Petitioner's time to appeal. "Prejudice," for the purpose of a motion to reopen time under Rule 4(a)(6), requires some special adverse consequence to the opposing party beyond the cost and risk inherently involved in opposing an appeal. <u>See</u> Fed. R. App. P. 4(a)(6) advisory committee's note. Reopening Petitioner's time to appeal will not result in any special adverse consequence to the Government other than the cost and risk involved in defending the appeal. The Court finds that the Government will not be prejudiced by reopening Petitioner's time to appeal within the meaning of Rule 4(a)(6).

**IV.**

**CONCLUSION**

For the foregoing reasons, the Court finds that Petitioner has met the conditions under Rule 4(a)(6) and grants Petitioner's Motion to Reopen Time to Appeal. Pursuant to the January 25, 2013 remand order, Petitioner does not need to file a new notice of appeal. The briefing schedule will be set by the Court of Appeals.

IT IS SO ORDERED. It is further ordered that the Clerk shall serve a copy of this Order on counsel for all parties and on Petitioner at her last known address and provide a copy to the Clerk for the Court of Appeals in Case No. 12-57323.

DATED: February 13, 2013.

*ALICEMARIE H. STOTLER*
ALICEMARIE H. STOTLER
UNITED STATES DISTRICT JUDGE

S:\AHS\1BSC\Habeas Corpus\Toscano v. U.S., CV 12-00078, Mot Reopen Time App GRANT.wpd

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| OLGA LILIA TOSCANO, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondant. ) <br> _____ ) | SA CV 12-00078 AHS <br> SA CR 04-00281 AHS <br><br><br> ORDER DENYING CERTIFICATE OF APPEALABILITY |

On December 3, 2012, petitioner filed a Notice of Appeal and Request for Certificate of Appealability. Upon review of petitioner's case, the Court finds that the request must be denied. The Court therefore denies the request for issuance of certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2).

The Clerk shall serve a copy of the Order on counsel for all parties and petitioner at her last know place of incarceration.

IT IS SO ORDERED

DATED: January 11, 2013

*ALICEMARIE H. STOTLER*
_____
ALICEMARIE H. STOTLER
UNITED STATES DISTRICT JUDGE